UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81053-CIV-RYSKAMP/VITUNAC

AT&T CORP, A New York Corp.

    Plaintiff,

v.

CONTROL SYSTEMS (USA) INC.,
a Delaware Corp.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

THIS CAUSE comes before the Court upon Defendant's motion to dismiss, motion to strike claims for attorney's fees, or, in the alternative, motion for more definite statement **[DE 5]**, filed on December 12, 2006. Plaintiff responded **[DE 7]** on December 21, 2006. Defendant did not reply. This motion is now ripe for adjudication.

**I.     Introduction**

This is an action to recover payments owed under a tariff filed with the FCC. On July 29, 2005, July 30, 2005 and September 2, 2005, Defendant used Plaintiff's telecommunication services. Plaintiff provided those services at Defendant's request. Tariff No. 30 makes Defendant responsible for payment of any invoices rendered by Plaintiff for telecommunication services as well as any associated charges. Plaintiff sent Defendant invoices demanding payment for services rendered totaling $12,841.45. Defendant has failed to remit payment.

Plaintiff raises two counts against Defendant. First, Plaintiff requests payment under the

tariff in the amount of $12,841.45 plus pre and post judgment interest.  Second, and in the alternative, Plaintiff requests payment in the amount of $12,841.45 because Defendant has been unjustly enriched by Plaintiff's services.   Under both counts, Plaintiff requests a judgement for any attorney fees and costs resulting from the prosecution of this action.  Defendant now moves this Court to dismiss both counts alleged in the complaint.

II.     Discussion

   A.     **Standard of Law on Motions to Dismiss and for More Definite Statement**

In general, a court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case.  *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004).  Moreover, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff.  *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998).  As the Eleventh Circuit has noted, "the

threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted).  Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.  *See Wein*, 313 F. Supp. 2d at 1359.

Additionally, Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement if a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading..."   Motions for more definite statement are disfavored under the liberal notice pleading approach in the Federal Rules of Civil Procedure; rather, discovery is the correct vehicle to obtain information necessary for trial.  *See, e.g., Erickson v. Hunter*, 932 F. Supp. 1380, 1385 (M.D. Fla. 1996).  In other words, a motion for more definite statement is not a substitute for discovery.  *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959); *Herman v. Continental Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000).  "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura Cable Corp. v. Rifkin/Narragansett South Florida CATV Ltd. Partnership*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996); *see also S.E.C. v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D. Fla. 2000) (touchstone for Rule 12(e) motion is unintelligibility, not lack of detail).  Indeed, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (citations omitted).  As such, motions for more definite statement are rarely granted.  *See, e.g., Aventura*, 941 F. Supp. at 1195 ("Federal courts

generally disfavor such motions."); *Butler v. Matsushita Communication Industrial Corp. of U.S.*, 203 F.R.D. 575, 584 (N.D. Ga. 2001) (noting that class of pleadings that are appropriate subjects for a Rule 12(e) motion is "quite small").

The Court now addresses each of Defendant's contentions in light of the principles above.

### A.    Count I

Defendant first argues that it is not a party to the tariff and therefore is not liable under its terms.  Next, Defendant argues that Plaintiff failed to claim that it satisfied the conditions in the tariff to adequately plead its claim.  Third, Defendant argues that this count should be dismissed because Plaintiff failed to give Defendant proper notice of the alleged violations since Plaintiff did not cite which provisions of the tariff that Defendant violated.

Any tariff filed with the FCC conclusively and exclusively controls the rights and liabilities between a carrier and its customer. *MCI Telecomm. Corp v. Graham*, 7 F.3d 477, 479 (6th Cir. 1993).  Congress requires that carriers file tariffs with the FCC, grant use of its services when a reasonable request is made, charge reasonable rates, and notify the public of any changes in the rates.  47 U.S.C. 201-203.  Accordingly, a tariff is a law, and not merely a contract, when congress requires that it must be filed.  *Carter v. American Tel. & Tel. Co.*, 365 F.2d 486, 496 (5th Cir. 1966).  Moreover, Plaintiff cited the exact tariff under which it seeks recovery and, in its response, provided Defendant with a direct internet URL so that Defendant can access the tariff.  For the purposes of a complaint, Plaintiff need not provide any greater detail.

### B.    Count II

As an initial matter, Plaintiff withdrew it's request for attorney's fees and costs under this Count.  Thus, the only remaining issue is whether Plaintiff submitted an impermissible shotgun

pleading. Federal Rule of Civil Procedure 10(b) requires that a plaintiff set out separately numbered paragraphs and counts. The purpose of this rule is clarity; the rule requires that a pleading be easily understood by both parties and the court. If a party violates this rule, the court can either direct the plaintiff to replead or to dismiss the complaint without prejudice with leave to file an amended complaint. In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

These problems are especially troubling and can be prevented if parties are required to file well pled complaints that are clear, concise, and put defendants on notice of the claims against them.

Here, Defendant argues that this is a shotgun complaint because Plaintiff has incorporated all of the allegations from Count I into Count II. Defendant argues that payment under the tariff and a judgment under the theory of unjust enrichment are alternative grounds for recovery and therefore cannot be recovered simultaneously. Defendant is correct that the two theories of recovery are alternative. This complaint, however, is not a shot gun pleading and Defendant has been sufficiently noticed of the allegations against it. Shotgun pleadings most often appear in cases where there are numerous defendants and numerous counts. Here, we have one defendant, one set of facts and two counts that are clearly intended as alternative counts. Especially since, as Defendant notes, "it is inherently inconsistent" to pled the two counts simultaneously.

**III.    Conclusion**

The Court has considered the motion and the response thereto, and for the reasons stated above, it is hereby,

ORDERED AND ADJUDGED that:

(1)    Defendant's motion to dismiss, motion to strike claims for attorney's fees, or, in the alternative, motion for more definite statement **[DE 5]** is **DENIED**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 6 day of March, 2006.

    /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record